## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| **BYRON D. KIRKLAND** and | ) |
| **SONYA G. KIRKLAND,** | )    No.  09-40219 |
| **Debtors.** | ) |

### O P I N I O N

This matter is before the Court on the objection filed by Banterra Bank to the Debtors' proposed Amended Plan Number 1 ("amended plan"). On February 2, 2009, the Debtors, Byron and Sonya Kirkland ("Debtors") filed a petition for relief under Chapter 13 of the Bankruptcy Code. On the same day, they also filed their proposed Chapter 13 plan, which provided for the Debtors to pay the Trustee $248 per month for 60 months, with unsecured creditors to receive $0.

One of the claims provided for in the Debtors' proposed plan was the claim of Banterra Bank, which is secured by a 2008 Gulf Stream Trailer. The Debtors valued the trailer at $13,727 on Schedule B. The Debtors' proposed plan stated that the amount of Banterra Bank's claim was for $13,727 at 7% interest, and was to be paid via monthly payments of $163.72 made directly by the Debtors outside the plan. The plan noted that "[t]his will be treated as a continuing claim wherein payments will continue beyond the life of the Plan." The proposed plan also provided for Banterra Bank to receive an arrearage of $522 plus 8.5% interest through the plan.

On March 11, 2009, Banterra Bank filed secured Proof of Claim No. 3-1 for a total of $15,048.61, which included a payment arrearage of $511.16 at the time the case was filed.[1] However, Banterra Bank did not object to the Debtors' proposed plan. After holding the first meeting of creditors, the Chapter 13 Trustee ("Trustee") recommended the plan be confirmed as

---

[1] The Debtors have not objected to Banterra Bank's proof of claim. The claim bar date for non-governmental claims was June 17, 2009.

proposed. On April 10, 2009, the Court entered an order confirming the Debtors' plan.

On November 9, 2009, the Debtors filed their amended plan, under which the only change was to note that the Debtors' had settled a personal injury claim for $16,000 and that, pursuant to an agreement with the Trustee, the Debtors' were to retain all the proceeds awarded under that settlement. Notwithstanding the fact that the amended plan did not change the treatment of Banterra Bank's claim, on November 30, 2009, Banterra Bank filed a written objection to confirmation of the amended plan, alleging that the amended plan provides for payment of principal only and did not include accrued and unpaid interest of $1,301.58 or late charges of $20, which would bring the total claim amount to $15,048.61.

A hearing was held on December 29, 2009 at which the attorney for Banterra Bank asserted that the amended plan failed to address an arrearage of $1,301.58 as of the date of filing. Banterra Bank offered no explanation for its failure to object to the Debtors' treatment of its claim in the original plan.

The Debtors' attorney argued that because the amended plan did not change the treatment of Banterra Bank's claim, its objection is really an objection to the original plan and is therefore untimely. The Debtors admitted, however, that this is a "continuing claim" even though the arrears are being paid inside the plan, and that if the arrearage stated in Banterra Bank's claim was proper, the Debtors might have to further amend their plan to cure the full arrearage. Debtors' attorney stated that he had not yet reviewed Banterra Bank's claim.

In its written objection, Banterra Bank asserts that the total amount of the claim provided for in the plan is principal only and does not include the accrued and unpaid interest of $1,301.58 and the $20 in late fees. At the hearing, however, Banterra Bank argued that the amended plan did not

provide for the correct amount of arrearage as of the petition date of $1,301.58.² Addressing Banterra Bank's arrearage assertion first, this Court notes that Proof of Claim No. 3-1 filed by Banterra Bank showed a payment arrearage of $511 as of the date of filing. The original and amended plans both provided for payment of an arrearage of $522, which is actually more than the arrearage amount shown on Banterra Bank's proof of claim. Banterra Bank has not filed an amended proof of claim. Therefore, the record does not support Banterra Bank's claim that the Debtors' plan does not properly provide for the arrearage at the time of the petition.

If Banterra Bank's objection is that the amount of the claim provided for in the Debtors' amended plan does not include interest of $1,301.58 or late fees of $20, such objection is untimely in the context of a post-confirmation plan modification. The general rule is that the terms of a confirmed plan are binding on the debtor and the creditors under Section 1327(a). Specifically, Section 1327 of the Bankruptcy Code provides that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a). In other words, a confirmed Chapter 13 plan is "like a court-approved contract or consent decree" that binds all parties." *See In re Duggins*, 263 B.R. 233, 236 (Bankr.C.D.Ill. 2001) (Perkins, J.) (citing *In re Harvey*, 213 F.3d 318, 321 (7th Cir. 2000)). The binding effect extends to any issue actually litigated by the parties and any issue necessarily determined by the confirmation order, including whether the plan complies with Sections 1322 and 1325 of the Bankruptcy Code.

The value of a secured creditor's collateral in a Chapter 13 case is typically determined through the plan confirmation process. *Duggins*, 263 B.R. at 234-35. Where the debtors value a

---

²Inasmuch as Banterra Bank has asserted two different objection grounds involving the same dollar amount, the Court assumes it was mischaracterized one of the two times, but will address both objections as it cannot ascertain which assertion is the mischaracterization.

secured claim in their Chapter 13 plan and the plan is confirmed, with or without the objection of the secured creditor, the creditor is bound by the plan's value notwithstanding that the creditor filed a proof of claim stating a higher value before confirmation that was not objected to. *Id* at 244.

In this case, Banterra Bank admitted that it did not object to the original confirmation. Once the plan was confirmed, its terms became binding on all the parties. The fact that the Debtors subsequently moved to modify their plan under Section 1329 does not change this result.

Although the Debtors filed a document entitled "Amended Plan," it is really a post-confirmation modification under Section 1329 of the Bankruptcy Code. As noted by COLLIER ON BANKRUPTCY:

> [T]he binding effect of the plan should also bar creditors from raising, at the time of a motion for modification of the plan, issues that could have been raised at the time the plan was originally confirmed. If the word "bind" in section 1327(a) is to have any meaning, it cannot be the case that any provision of the plan may be challenged at a later date. For the same reason, if a debtor moves for plan modification, but the modification does not alter the treatment of a creditor's claim, that creditor may not object to the modification.

8 COLLIER ON BANKRUPTCY ¶1327.02[1][c] (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. rev.); *see also In re Eason*, 178 B.R. 908 (Bankr.M.D.Ga. 1994) (where proposed postconfirmation modification does not alter the status or treatment of the IRS's claim from that shown in original confirmed plan, the IRS does not have standing to object to proposed modification); *In re Stage*, 79 B.R. 487 (Bankr.S.D.Cal. 1987) (noting that there is nothing in the legislative history or case law to support the position that a hearing on modification of a Chapter 13 plan was intended to be a rehearing on all issues that were or could have been raised at the initial confirmation hearing, and that such a result would be unworkable and burdensome to the bankruptcy courts).

In this case, the proposed modification relates to an agreement the Debtors reached with the Trustee regarding the proceeds from a settlement on a personal injury claim. The proposed

modification in no way affects the status or treatment of Banterra Bank's claim. Accordingly, the Court concludes that Banterra Bank lacks standing to object to the Debtor's amended plan at this time. The Objection to Confirmation of Amended Plan filed by Banterra Bank will be DENIED.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

ENTERED: May 20, 2010

/s/ William V. Altenberger
UNITED STATES BANKRUPTCY JUDGE